1 Adam M. Silverstein (197638)
2 CAVALLUZZI & CAVALLUZZI
3 9200 Sunset Boulevard, Suite 807
4 Los Angeles, California 90069
5 Telephone: (310) 246-2601
6 Facsimile: (310) 246-2606
7 Email: adam@cavalluzzi.com
8 *Attorneys for Plaintiff*
9

10 **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
11

12 PATRICK COLLINS, INC.,
a California corporation,
13                                      Case No.
                                        CV11-2802 GAF (PLAx)
14        Plaintiff,
15   vs.                               To be supplied by the Clerk of
                                       The United States District Court
16 JOHN DOES 1-10,
17
                                       **COMPLAINT**
18        Defendants.
19

20 Plaintiff, Patrick Collins, Inc., sues John Does 1-10, and alleges:

21                          <u>Introduction</u>

22   1.    This matter arises under the United States Copyright Act of 1976, as

23 amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

24   2.    Through this suit, Plaintiff alleges each Defendant is liable for:

25
26 • Direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501;
27   and
28
                                                              Case No.

- Contributory copyright infringement.

## **Jurisdiction And Venue**

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

4.     As set forth on Exhibit A, each of the Defendants' acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore pursuant to Cal. Civ. Proc. Code § 410.10, this Court has personal jurisdiction over each Defendant because each Defendant committed the tortious conduct alleged in this Complaint in the State of California, and (a) each Defendant resides in the State of California, and/or (b) each Defendant has engaged in continuous and systematic business activity in the State of California.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) a Defendant resides (and therefore can be found) in this District and all of the Defendants reside in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or each Defendant's agent resides or may be found in this District.

Case No.

### Parties

6.      Plaintiff is a corporation organized and existing under the laws of the State of California and has its principal place of business located at 8015 Deering Avenue, Canoga Park, California.

7.      Each Defendant is known to Plaintiff only by an IP address.

8.      An IP address is a number that is assigned by an Internet Service Provider (an "ISP") to devices, such as computers, that are connected to the Internet.

9.      The ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity.

### Joinder

10.     Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, Plaintiff asserts that: (a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants, and (b) the infringement complained of herein by each of the Defendants was part of the exact same transaction, involving the exact same piece of Plaintiff's copyrighted Work, at the exact same time, and was accomplished by the Defendants acting in concert with each other, and (c) there are common questions of law and fact; indeed, the claims against each of the Defendants are identical and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Work.

Case No.

**Factual Background**

I.     *Plaintiff Owns the Copyright to a Motion Picture*

11.    Plaintiff is the owner of United States Copyright Registration Number PA0001691539 (the "Registration") for the motion picture entitled "Big Wet Asses 17" (the "Work").

12.    The Work was registered on or about August 6, 2010.

13.    A copy of an internet screen shot from the U.S. Copyright Office's website evidencing, among other things, Plaintiff's ownership of the Registration and the registration date is attached as Exhibit B.

II.    *Defendants Used BitTorrent To Infringe Plaintiff's Copyright*

14.    BitTorrent is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data; indeed, it has been estimated that users using the BitTorrent protocol on the internet account for over a quarter of all internet traffic.  The creators and users of BitTorrent developed their own lexicon for use when talking about BitTorrent; a copy of the BitTorrent vocabulary list posted on www.Wikipedia.com is attached as Exhibit C.

15.    The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network.  In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the

BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

A.   *Each Defendant Installed a BitTorrent Client onto his or her Computer*

16.   Each Defendant installed a BitTorrent Client onto his or her computer.

17.   A BitTorrent "Client" is a software program that implements the BitTorent protocol.  There are numerous such software programs including µTorrent and Vuze, both of which can be directly downloaded from the internet.   See www.utorrent.com and http://new.vuze-downloads.com/.

18.   Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

B.   *The Initial Seed, Torrent, Hash and Tracker*

19.   A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a "torrent" descriptor file using the Client he or she installed onto his or her computer.

20.   The Client takes the target computer file, the "initial seed," here the copyrighted Work, and divides it into identically sized groups of bits known as "pieces."

21.   The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Work, a random and unique alphanumeric identifier

1    known as a "hash" and records these hash identifiers in the torrent file.

2         22.    When another peer later receives a particular piece, the hash identifier
3
4    for that piece is compared to the hash identifier recorded in the torrent file for that
5    piece to test that the piece is error-free.  In this way, the hash identifier works like an
6    electronic fingerprint to identify the source and origin of the piece and that the piece
7
8    is authentic and uncorrupted.

9         23.    Torrent files also have an "announce" section, which specifies the URL
10   (Uniform Resource Locator) of a "tracker," and an "info" section, containing
11
12   (suggested) names for the files, their lengths, the piece length used, and the hash
13   identifier for each piece, all of which are used by Clients on peer computers to verify
14   the integrity of the data they receive.

15        24.    The "tracker" is a computer or set of computers that a torrent file
16
17   specifies and to which the torrent file provides peers with the URL address(es).

18        25.    The tracker computer or computers direct a peer user's computer to
19
20   other peer user's computers that have particular pieces of the file, here the
21   copyrighted Work, on them and facilitates the exchange of data among the
22   computers.

23        26.    Depending on the BitTorrent Client, a tracker can either be a dedicated
24
25   computer (centralized tracking) or each peer can act as a tracker (decentralized
26   tracking).

27

28
                                                                        Case No.

C.      *Torrent Sites*

27.    "Torrent sites" are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol.   There are numerous torrent websites, including www.TorrentZap.com, www.Btscene.com, and www.ExtraTorrent.com.   A copy of the torrent file for the copyrighted Work as seen on www.ExtraTorrent.com is attached as Exhibit D.

28.    Upon information and belief, each Defendant went to a torrent site to upload and download Plaintiff's copyrighted Work.

D.      *Uploading and Downloading a Work Through a BitTorrent Swarm*

29.    Once the initial seeder has created a torrent and uploaded it onto one or more  torrent sites then other peers begin to download and upload the computer file to which the torrent is linked (here the copyrighted Work) using the BitTorrent protocol and BitTorrent Client that the peers installed on their computers.

30.    The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyrighted Work, to the peers seeking to download the computer file.

31.    Once a peer receives a piece of the computer file, here a piece of the Copyrighted Work, it starts transmitting that piece to the other peers.

32.    In this way, all of the peers and seeders are working together in what is called a "swarm."

Case No.

33.     Here, each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.  A print out of a computer screen illustrating the type of interactions between and among peers and seeders in a typical swarm is attached as Exhibit E.

34.     In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Work here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted Work to each of the peers.  The recipient peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

35.     Once a peer, here a Defendant, has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the movie.  Also, once a peer has downloaded the full file, that peer becomes known as "an additional seed" because it continues to distribute the torrent file, here the copyrighted Work.

E.      Plaintiff's Computer Investigators Identified Each of the Defendants' IP Addresses as Participants in the Same Swarm That Was Distributing Plaintiff's Copyrighted Work at the Same UTC Time

36.     Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet

1    to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

2        37.    IPP used forensic software named INTERNATIONAL IPTRACKER
3
4    v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the
5    presence of infringing transactions.

6        38.    IPP extracted the resulting data emanating from the investigation,
7    reviewed the evidence logs, and isolated the transactions and the IP addresses
8
9    associated therewith for the file identified by the SHA-1 hash value of
10   0F570BFFD01696FCB514C67DCCFE089AC3C6C68E,   (the   "Unique   Hash
11   Number").
12

13       39.    The IP addresses, Unique Hash Number and hit dates contained on
14   Exhibit A accurately reflect what is contained in the evidence logs, and show:

15       (A)    Each Defendant had copied a piece of Plaintiff's copyrighted Work
16
17              identified by the Unique Hash Number and was offering that piece for
18              distribution to other peers on October 6, 2010; and
19
         (B)    Therefore, each Defendant was part of the same BitTorrent swarm.
20

21       40.    Through each of the transactions, each of the Defendant's computers
22   used their identified IP addresses to connect to the investigative server from a
23
24   computer in this District in order to transmit a full copy, or a portion thereof, of a
25   digital media file identified by the Unique Hash Number.

26       41.    IPP's agent analyzed each BitTorrent "piece" distributed by each IP
27
28   address listed on Exhibit A and verified that re-assemblage of the pieces using a

Case No.

1    BitTorrent Client results in a fully playable digital motion picture of the Work.

2        42.    IPP's agent viewed the Work side-by-side with the digital media file

3    that correlates to the Unique Hash Number and determined that they were identical,

4

5    strikingly similar or substantially similar.

6                                    **Miscellaneous**

7        43.    All conditions precedent to bringing this action have occurred or been

8

9    waived.

10       44.    Plaintiff retained counsel to represent it in this matter and is obligated to

11

12   pay said counsel a reasonable fee for its services.

13                                   **COUNT I**
                           **Direct Infringement Against Does 1-10.**

14       45.    The allegations contained in paragraphs 1-44 are hereby re-alleged as if

15

16   fully set forth herein.

17       46.    Plaintiff is the owner of the Registration for the Work which contains an

18

19   original work of authorship.

20       47.    By using the BitTorrent protocol and a BitTorrent Client and the

21   processes described above, each Defendant copied the constituent elements of the

22

23   registered Work that are original.

24       48.    Plaintiff did not authorize, permit or consent to Defendants' copying of

25   its Work.

26       49.    As a result of the foregoing, each Defendant violated Plaintiff's

27

28                                                                    Case No.

exclusive right to:

(A)   Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)   Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)   Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images in any sequence and/or by making the sounds accompanying the Work audible and transmitting said performance of the Work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)   Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work nonsequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

50.   Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

51.   Plaintiff has suffered actual damages that were proximately caused by each of the Defendants including lost sales, price erosion and a diminution of the

Case No.

1   value of its copyright.

2       WHEREFORE, Plaintiff respectfully requests that the Court:

3   (A)   Permanently enjoin each Defendant and all other persons who are in
4
5   active concert or participation with each Defendant from continuing to infringe
6   Plaintiff's copyrighted Work;

7   (B)   Order that each Defendant delete and permanently remove the torrent
8
9   file relating to Plaintiff's copyrighted Work from each of the computers under each
10  such Defendant's possession, custody or control;

11  (C)   Order that each Defendant delete and permanently remove the copy of
12
13  the Work each Defendant has on the computers under Defendant's possession,
14  custody or control;

15  (D)   Award Plaintiff either:
16
17  (i)   Its actual damages and any additional profits of the Defendant pursuant
18        to 17 U.S.C. § 504-(a)-(b); or

19  (ii)  Statutory damages in the amount of $150,000 per Defendant pursuant to
20
21        17 U.S.C. § 504-(a) and (c);

22  (E)   Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17
23
24  U.S.C. § 505; and

25  (F)   Grant Plaintiff any other and further relief this Court deems just and
26  proper.

27

28
                                                                    Case No.

## COUNT II
## Contributory Infringement Against Does 1-10.

52.    The allegations contained in paragraphs 1-44 are hereby re-alleged as if fully set forth herein.

53.    Plaintiff is the owner of the Registration for the Work which contains an original work of authorship.

54.    By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the registered Work that are original.

55.    By participating in the BitTorrent swarm with the other Defendants, each Defendant induced, caused or materially contributed to the infringing conduct of each other Defendant.

56.    Plaintiff did not authorize, permit or consent to Defendants' inducing, causing or materially contributing to the infringing conduct of each other Defendant.

57.    Each Defendant knew or should have known that other BitTorrent users, here the other Defendants, would become members of a swarm with Defendant.

58.    Each Defendant knew or should have known that other BitTorrent users in a swarm with it, here the other Defendants, were directly infringing Plaintiff's copyrighted Work by copying constituent elements of the registered Work that are original.

Case No.

59.   Indeed, each Defendant directly participated in and therefore materially contributed to each other Defendant's infringing activities.

60.   Each of the Defendants' contributory infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

61.   Plaintiff has suffered actual damages that were proximately caused by each of the Defendants including lost sales, price erosion, and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)   Permanently enjoin each Defendant and all other persons who are in active concert or participation with each Defendant from continuing to infringe Plaintiff's copyrighted Work;

(B)   Order that each Defendant delete and permanently remove the torrent file relating to Plaintiff's copyrighted Work from each of the computers under each such Defendant's possession, custody or control;

(C)   Order that each Defendant delete and permanently remove the copy of the Work each Defendant has on the computers under Defendant's possession, custody or control;

(D)   Find that each Defendant is jointly and severally liable for the direct infringement of each other Defendant;

(i) Award Plaintiff either its actual damages and any additional profits made by each Defendant pursuant to 17 U.S.C. § 504-(a)-(b); or

Case No.

1     (ii)    Statutory damages in the amount of $150,000 per Defendant pursuant to

2  17 U.S.C. § 504-(a) and (c);

3     (E)    Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17

4

5  U.S.C. § 505; and

6     (F)    Grant Plaintiff any other and further relief this Court deems just and

7

8  proper.

9

10                   **DEMAND FOR A JURY TRIAL**

11     Plaintiff hereby demands a trial by jury on all issues so triable.

12

13                   Respectfully submitted,

14                   By: */s/ Adam M. Silverstein*
                     Adam M. Silverstein (197638)

15                   CAVALLUZZI & CAVALLUZZI
                     9200 Sunset Boulevard, Suite 807

16                   Los Angeles, California 90069
                     Telephone: (310) 246-2601

17                   Facsimile: (310) 246-2606
                     Email: adam@cavalluzzi.com

18                   *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

28                                                            Case No.

**Title:**   BIG WET ASSES #17                              **Network:**   BitTorrent
**SHA-1 Hash:** 0F570BFFD01696FCB514C67DCCFE089AC3C6C68E   **Swarm Date:** 10/6/2010

| DOE# | IP | First Hit UTC | Last Hit UTC | City | State | ISP |
|---|---|---|---|---|---|---|
| 1 | 24.165.84.166 | 10/6/2010 03:53 | 10/16/2010 07:00 | Northridge | CA | Road Runner |
| 2 | 76.166.97.24 | 9/30/2010 13:39 | 10/24/2010 13:13 | Los Angeles | CA | Road Runner |
| 3 | 76.167.81.63 | 10/5/2010 02:22 | 10/10/2010 17:00 | San Bernardino | CA | Road Runner |
| 4 | 76.171.33.251 | 10/3/2010 00:13 | 10/8/2010 23:24 | Los Angeles | CA | Road Runner |
| 5 | 76.176.140.191 | 10/5/2010 15:56 | 10/17/2010 02:53 | Carlsbad | CA | Road Runner |
| 6 | 76.90.23.212 | 10/2/2010 07:07 | 11/1/2010 04:26 | Newport Beach | CA | Road Runner |
| 7 | 76.91.162.155 | 10/3/2010 19:08 | 1/6/2011 02:05 | Santa Monica | CA | Road Runner |
| 8 | 76.93.92.74 | 9/29/2010 19:10 | 10/18/2010 04:16 | North Hollywood | CA | Road Runner |
| 9 | 76.94.57.70 | 10/1/2010 23:51 | 10/8/2010 17:28 | Santa Monica | CA | Road Runner |
| 10 | 76.95.66.85 | 10/3/2010 11:08 | 10/19/2010 12:42 | Chatsworth | CA | Road Runner |

# EXHIBIT A

CCA3

# Copyright
United States Copyright Office

| Help | Search | History | Titles | Start Over |

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Big Wet Asses 17
Search Results: Displaying 1 of 1 entries





### *BIG WET ASSES 17.*

**Type of Work:** Motion Picture
**Registration Number / Date:** PA0001691539 / 2010-08-06
**Application Title:** BIG WET ASSES 17 .
**Title:** BIG WET ASSES 17 .
**Description:** Videodisc (DVD)
**Copyright Claimant:** PATRICK COLLINS, INC. Address: 8015 DEERING AVE., CANOGA PARK, CA, 91304, United States.
**Date of Creation:** 2010
**Date of Publication:** 2010-05-22
**Nation of First Publication:** United States
**Authorship on Application:** PATRICK COLLINS, INC., employer for hire; Domicile: United States; Citizenship: United States. Authorship: entire motion picture.
**Names:** PATRICK COLLINS, INC.



| Save, Print and Email (Help Page) | |
|---|---|
| Select Download Format | Full Record | - | Format for Print/Save |
| Enter your email address: | | Email |

Help  Search  History  Titles  Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

# EXHIBIT B

# BitTorrent vocabulary

From Wikipedia, the free encyclopedia
(Redirected from Terminology of BitTorrent)

This list explains terms used when discussing **BitTorrent clients**, and in particular the BitTorrent protocol used by these clients.

## Common BitTorrent terms

### Announce

Same as "scrape" (see below), but a client also announces that it wants to join the swarm and that the server should add it to the list of peers in that swarm.

### Availability

(Also known as distributed copies.) The number of full copies of the file available to the client. Each seed adds 1.0 to this number, as they have one complete copy of the file. A connected peer with a fraction of the file available adds that fraction to the availability, if no other peer has this part of the file.
*Example:* a peer with 65.3% of the file downloaded increases the availability by 0.653. However, if two peers both have the same portion of the file downloaded - say 50% - and there is only one seeder, the availability is 1.5.

### Choked

Describes a peer to whom the client refuses to send file pieces. A client *chokes* another client in several situations:

- The second client is a *seed*, in which case it does not want any pieces (i.e., it is completely *uninterested*)
- The client is already uploading at its full capacity (it has reached the value of max_uploads)
- The second client has been blacklisted for being abusive or is using a blacklisted BitTorrent client.

### Client

The program that enables p2p file sharing via the BitTorrent protocol. Examples of clients include µTorrent and Vuze.

### Downloader

A *downloader* is any peer that does not have the entire file and is downloading the file. This term, used in Bram Cohen's Python implementation, lacks the negative connotation attributed to *leech*. Bram prefers *downloader* to *leech* because BitTorrent's tit-for-tat ensures downloaders also upload and thus do not unfairly qualify as *leeches*.

# EXHIBIT C

## End Game

Bittorrent has a couple of download strategies for initializing a download, downloading normally among the middle of the torrent, and downloading the last few **pieces** (see below) of a torrent. Typically, the last download pieces arrive more slowly than the others since the faster and more easily accessible pieces should have already been obtained, so to prevent this, the BitTorrent client attempts to get the last missing pieces from all of its peers. Upon receiving a piece, a cancel request command is sent to other peers.

## Fake

A fake torrent is a torrent that does not contain what is specified in its name or description(i.e. a torrent is said to contain a video, but it contains only a snapshot of a moment in the video, or in some cases a virus).

## Hash

The hash is a string of alphanumeric characters in the .torrent file that the client uses to verify the data that is being transferred. It contains information like the file list, sizes, pieces, etc. Every piece received is first checked against the hash. If it fails verification, the data is discarded and requested again. The 'Hash Fails' field in the torrent's General tab shows the number of these hash fails.

Hash checks greatly reduce the chance that invalid data is incorrectly identified as valid by the BitTorrent client, but it is still possible for invalid data to have the same hash value as the valid data and be treated as such. This is known as a hash collision.

## Health

Health is shown in a bar or in % usually next to the torrents name and size, on the site where the .torrent file is hosted. It shows if all pieces of the torrent are available to download (i.e. 50% means that only half of the torrent is available).

## Index

An *index* is a list of .torrent files (usually including descriptions and other information) managed by a website and available for searches. An *index* website can also be a *tracker*.

## Interested

Describes a downloader who wishes to obtain pieces of a file the client has. For example, the uploading client would flag a downloading client as 'interested' if that client did not possess a piece that it did, and wished to obtain it.

## Leech

A *leech* is a term with two meanings. Usually it is used to refer a *peer* who has a negative effect on the swarm by having a very poor share ratio (downloading much more than they upload). Most leeches are users on asymmetric internet connections and do not leave their BitTorrent client open

to seed the file after their download has completed. However, some leeches intentionally avoid uploading by using modified clients or excessively limiting their upload speed.
The often used second meaning of *leech* is synonymous with *downloader* (see above): used simply to describe a *peer* or any client that does not have 100% of the data. This alternative meaning was mainly introduced by most BitTorrent tracker sites.

## Lurker

A *lurker* is a user that only downloads files from the group but does not add new content. It does not necessarily mean that the lurker will not seed. Not to be confused with a *leecher*.

## p2p

Stands for "peer to peer", which is the technology used for file sharing among computer users over the internet. In a p2p network, each node (or computer on the network) acts as both a client and a server. In other words, each computer is capable of both sending and receiving data.

## Peer

A *peer* is one instance of a BitTorrent client running on a computer on the Internet to which other clients connect and transfer data. Usually a *peer* does not have the complete file, but only parts of it. However, in the colloquial definition, "peer" can be used to refer to any participant in the swarm (in this case, it's synonymous with "client").

## Piece

This refers to the torrented files being divided up into equal specific sized pieces (*e.g.* 512Kb, 1Mb). The pieces are distributed in a random fashion among peers in order to optimize trading efficiency.

## Ratio credit

A *ratio credit*, also known as *upload credit* or *ratio economy*, is a currency system used on a number of private trackers to provide an incentive for higher upload/download ratios among member file-sharers. In such a system, those users who have greater amounts of bandwidth, hard drive space (particularly seedboxes) or idle computer uptime are at a greater advantage to accumulate ratio credits versus those who are lacking in any one or more of the same resources.

## Scrape

This is when a client sends a request to the tracking server for information about the statistics of the torrent, such as with whom to share the file and how well those other users are sharing.

## Seeder

A *seeder* is a *peer* that has an entire copy of the torrent and offers it for upload. The more *seeders* there are, the better the chances of getting a higher download speed. If the seeder seeds the whole copy of the download, they should get faster downloads.

## Share ratio

A user's share ratio for any individual torrent is a number determined by dividing the amount of data that user has uploaded by the amount of data they have downloaded. Final share ratios over 1 carry a positive connotation in the BitTorrent community, because they indicate that the user has sent more data to other users than they received. Likewise, share ratios under 1 have negative connotation.

## Snubbed

An uploading client is flagged as *snubbed* if the downloading client has not received any data from it in over 60 seconds.

## Super-seeding

When a file is new, much time can be wasted because the seeding client might send the same file piece to many different peers, while other pieces have not yet been downloaded at all. Some clients, like ABC, Vuze, BitTornado, TorrentStorm, and µTorrent have a "super-seed" mode, where they try to only send out pieces that have never been sent out before, theoretically making the initial propagation of the file much faster. However the super-seeding becomes substantially less effective and may even reduce performance compared to the normal "rarest first" model in cases where some peers have poor or limited connectivity. This mode is generally used only for a new torrent, or one which must be re-seeded because no other seeds are available.

## Swarm

*Main article: segmented downloading*

Together, all *peers* (including *seeders*) sharing a *torrent* are called a *swarm*. For example, six ordinary *peers* and two *seeders* make a *swarm* of eight.

## Torrent

A *torrent* can mean either a `.torrent` metadata file or all files described by it, depending on context. The *torrent file* contains metadata about all the files it makes downloadable, including their names and sizes and checksums of all pieces in the *torrent*. It also contains the address of a *tracker* that coordinates communication between the peers in the swarm.

## Tracker

A *tracker* is a server that keeps track of which seeds and peers are in the swarm. Clients report information to the tracker periodically and in exchange, receive information about other clients to which they can connect. The tracker is not directly involved in the data transfer and does not have a copy of the file.

# See also

Retrieved from "http://en.wikipedia.org/wiki/BitTorrent_vocabulary"
Categories: BitTorrent | Lexis

- This page was last modified on 22 February 2011 at 15:22.
- Text is available under the Creative Commons Attribution-ShareAlike License; additional terms may apply. See Terms of Use for details.
  Wikipedia® is a registered trademark of the Wikimedia Foundation, Inc., a non-profit organization.

| | |
|---|---|
| Download torrent: | Big.Wet.Asses.17.XXX.DVDRip.XviD-NYMPHO torrent |
| Alternative download: | This download might also be available on DirectDownload (highspeed access 16 mbit), on Rapidshare |
| Bookmark: | BOOKMARK Like |
| Info hash: | 0F570BFFD01696FCB514C67DCCFE089AC3C6C68E |
| Category: | Categories > Adult / Porn torrents > DVD torrents |
| Trackers: | 5   View all torrent trackers > |
| Seeds: | 81 |
| Leechers: | 45 |
| Health: | |
| Total Size: | 1.37 GB |
| Number of files: | 3   View torrent files > |
| More torrents: | Big.Wet.Asses.17.XXX.DVDRip.XviD-NYMPHO torrents |
| Torrent status: | Checked by Painless |
| Uploader: | daniel76 |
| Torrent added: | 2010-07-03 08:47:29 |

Update Seeds & Leechers Stat >

# EXHIBIT D

CCA3



EXHIBIT E

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV11- 2802 GAF (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| PLAINTIFFS (Check box if you are representing yourself ☐) <br> PATRICK COLLINS, INC., a California corporation | DEFENDANTS <br> JOHN DOES 1-10 |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Adam M. Silverstein <br> CAVALLUZZI & CAVALLUZZI <br> 9200 Sunset Boulevard, Suite 807, Los Angeles, CA 90069, (310) 246-2601 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** – For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No       ☑ **MONEY DEMANDED IN COMPLAINT: $** 1,200,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. SECTION 106

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting |  | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment <br> ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent <br> ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare |  | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  |  | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application |  | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights |  | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  |  |

CV11 2802

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

Ⅴ(  ). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑ Yes
If yes, list case number(s):  CV11-2360 DSF (DTBx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
                ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                ☑ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| See attached sheet | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| See attached sheet | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date MARCH 30, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH named** defendant resides.

| DOE# | City | State | County |
|---|---|---|---|
| 1 | Northridge | CA | Los Angeles |
| 2 | Los Angeles | CA | Los Angeles |
| 3 | San Bernardino | CA | San Berardino |
| 4 | Los Angeles | CA | Los Angeles |
| 5 | Carlsbad | CA | San Diego |
| 6 | Newport Beach | CA | Orange |
| 7 | Santa Monica | CA | Los Angeles |
| 8 | North Hollywood | CA | Los Angeles |
| 9 | Santa Monica | CA | Los Angeles |
| 10 | Chatsworth | CA | Los Angeles |